IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| IMPERIAL CONSTRUCTION GROUP, INC., Plaintiff, | ) | No. 04-1688C (Judge Emily C. Hewitt) |
| v. | ) | |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

For its answer to the complaint, defendant admits, denies and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

3. The allegations contained in paragraph 3 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

4. The allegations contained in paragraph 4 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

5. Denies the allegations contained in paragraph 5 for lack of knowledge or information sufficient

to form a belief as to their truth.

6. Admits the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the referenced documents, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in the first sentence of paragraph 8. Denies the allegations contained in the second sentence of paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth.

9. Denies that Imperial performed in accordance with the contract; the remaining allegations contained in paragraph 9 are admitted.

10. Admits the allegations contained in paragraph 10 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. Denies the allegations contained in paragraph 12 for lack of knowledge or information sufficient to form a belief as to their truth.

13. Denies the allegations contained in paragraph 13 for lack of knowledge or information sufficient to form a belief as to their truth.

14. Admits the allegations contained in paragraph 14 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14.

15. Admits the allegations contained in paragraph 15 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. Denies the allegations contained in paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth.

17. Admits that Imperial performed work as directed in the termination letter; otherwise denies the allegations contained in paragraph 17.

18. Admits the allegations contained in paragraph 18.

19. Admits the allegations contained in paragraph 19 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 19.

20. Admits that Imperial was paid a total of $303,453.72 for the work Imperial completed under the contract; the remaining allegations contained in paragraph 20 are denied.

21. Admits the allegations contained in paragraph 21 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 21.

22. Admits the allegations contained in paragraph 22.

23. Admits the allegations contained in paragraph 23.

24. Admits the allegations contained in paragraph 24.

25. Admits the allegations contained in paragraph 25.

26. Admits the allegations contained in paragraph 26 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 26.

27. Admits the allegations contained in paragraph 27.

28. Admits the allegations contained in paragraph 28 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 28.

29. Admits the allegations contained in paragraph 29 to the extent supported by the referenced

document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 29.

30. Admits the allegations contained in paragraph 30 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 30.

31. Admits the allegations contained in paragraph 31.

32. Admits the allegations contained in paragraph 32.

33. Denies the allegations contained in paragraph 33.

34. Admits the allegations contained in paragraph 34 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 34.

35. Admits the allegations contained in paragraph 35.

36. Admits the allegation contained in paragraph 36 that GSA received additional documentation; the remaining allegations contained in paragraph 36 are denied for lack of knowledge or information sufficient to form a belief as to their truth.

37. Admits the allegations contained in paragraph 37.

38. Denies the allegations contained in paragraph 38.

39. Admits the allegations contained in the first sentence of paragraph 39. Admits the allegations contained in the second sentence of paragraph 39 to the extent supported by the referenced

document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 39.

40. Denies the allegations contained in paragraph 40.

41. Denies the allegations contained in paragraph 41.

42. Denies the allegations contained in paragraph 42.

43. Denies the allegations contained in paragraph 43.

44. Denies the allegations contained in paragraph 44.

45. Denies the allegations contained in paragraph 45.

46. Denies the allegations contained in paragraph 46.

47. Admits the allegations contained in paragraph 47.

48. Denies the allegations contained in paragraph 48.

49. The allegations contained in paragraph 49 constitute conclusions of law to which no answer is required.

50. Defendant incorporates by reference its responses contained in paragraphs 1 through 49 of its answer as though fully set forth here.

51. Denies the allegations contained in paragraph 51.

52. Denies the allegations contained in paragraph 52.

53. Denies the allegations contained in paragraph 53.

54. Assuming "GSA" in paragraph 54 should be "Imperial," the allegations contained in paragraph 54 constitute conclusions of law to which no answer is required.

55. Denies the allegations contained in paragraph 55.

56. Denies the allegations contained in paragraph 56.

57. Defendant incorporates by reference its responses contained in paragraphs 1 through 56 of its answer as though fully set forth here.

58. The allegations contained in paragraph 58 constitute conclusions of law to which no answer is required.

59. Denies the allegations contained in paragraph 59.

60. Denies the allegations contained in paragraph 60.

61. Defendant incorporates by reference its responses contained in paragraphs 1 through 60 of its answer as though fully set forth here.

62. Denies the allegations contained in paragraph 62.

63. Defendant incorporates by reference its responses contained in paragraphs 1 through 62 of its answer as though fully set forth here.

64. Denies the allegations contained in paragraph 64.

Defendant denies each and every allegation not previously admitted or denied.

Defendant denies the plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 64, or to any relief whatsoever.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just

and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530

March 11, 2005

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 11 day of March, 2005, a copy of the foregoing Defendant's Answer to Complaint was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Leslie Cayer Ohta

________________________________________